UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELOUAHAB BOUCHERAFA (A# 235-482-192),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-04613 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I. Factual and Procedural Background

Petitioner is a citizen and national of Algeria who was admitted into the United States on November 19, 2023, pursuant to a B2 visa, but overstayed his authorization. Immigration officials arrested Petitioner on August 20, 2025, pursuant to 8 U.S.C. § 1226(a) and charged him as a deportable visa overstay or overstaying his visa under 8 U.S.C. § 1227(a)(1)(B). Petitioner filed an earlier § 2241 petition challenging his detention without a bond hearing under the Due Process Clause of the Fifth Amendment. This Court dismissed the petition as moot after an Immigration Judge ("IJ") granted petitioner release on bond in the amount of $20,000.

Boucherafa v. Warden, Mesa Verde Det. Ctr., No. 1:26-CV-01418 DAD SCR, 2026 WL 1079373 (E.D. Cal. Apr. 21, 2026), report and recommendation adopted, No. 1:26-CV-01418-DAD-SCR (HC), 2026 WL 1510204 (E.D. Cal. May 29, 2026) (Boucherafa I"). In his renewed petition filed on June 15, 2026, Petitioner states he could not afford this bond amount and remains in immigration detention in violation of the Due Process Clause of the Fifth Amendment. ECF No. 1 at 5-6, 16-17. He asks that the Court reconsider his case and requests his release on recognizance or other non-monetary condition. Id.

The undersigned ordered Respondents to file an answer/return to the petition and "include with the answer/return the transcript of Petitioner's March 5, 2026, bond hearing and any and all other documents relevant to the determination of the issues presented in the application." ECF No. 7. Respondents filed an answer but did not include the hearing transcript or any other evidence. Instead, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a) by virtue of an IJ order of removal dated April 24, 2026, and Petitioner's subsequent appeal of that order to the Board of Immigration Appeals ("BIA"). ECF No. 9 at 2 (citing Khotesouvan v. Morones, 386 F.3d 1298, 1299–1301 (9th Cir. 2004)). Respondents further argue there is "is no ongoing detention-related legal defect" for habeas review because Petitioner received a bond hearing, declined to post bond, and did not appeal the decision to BIA. Id. at 3.[1]

**II. Analysis**

Respondents' statutory authority arguments are unavailing. Detention shifts from 8 U.S.C. § 1226(a) to § 1231(a) on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)). An order of removal becomes administratively final "only upon the earlier of (i) a BIA

[1] Respondents also request that the Court's temporary restraining order be lifted, but no so order has been issued.

determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)). According to Petitioner's Executive Office of Immigration Review ("EOIR") case information page, Petitioner appealed the immigration judge's order of removal to the BIA on May 26, 2026, and no briefing schedule has been set.[2] Because the BIA has not yet resolved his appeal, his order of removal is not administratively final and his detention has not yet shifted from 8 U.S.C. § 1226(a) to § 1231(a). Accordingly, Petitioner is not subject to mandatory detention, and neither § 1231 nor Khotesouvan are barriers to relief.

Nor does Petitioner lack a habeas remedy. Although federal courts cannot review whether an IJ "set an excessively high bond amount," Prieto-Romero v. Clark, 534 F.3d 1053, 1067 (9th Cir. 2008), they have "habeas jurisdiction over constitutional claims or questions of law" concerning the setting of bond amounts. See Hernandez v. Sessions, 872 F.3d 976, 987 (9th Cir. 2017) (quoting Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011)). In the event a noncitizen is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," due process compels that the IJ consider the noncitizen's financial circumstances and alternative conditions of release. Hernandez, 872 F.3d at 1000 (holding plaintiffs were likely to succeed on the merits of their due process claim because the government failed to require consideration of individual financial circumstances and alternatives to detention); see also Andrades Gonzalez v. Chestnut, No. 1:26-CV-01198-DAD-CKD, 2026 WL 473059, at *1 (E.D. Cal. Feb. 19, 2026) ("[I]f the government is setting monetary bonds to ensure appearance at future proceedings, there is no legitimate reason for it not to consider the individual's financial circumstances and alternative conditions of release.") (quoting Hernandez, 872 F.3d at 994)).

Based on the handwritten portion of the petition describing Petitioner's inability to pay the $20,000 bond, ECF No. 1 at 5-6, the undersigned liberally construes the petition as raising a

[2] The undersigned takes judicial notice of Petitioner's EOIR Case Information Page, https://acis.eoir.justice.gov/en/caseInformation. See Fed. R. Evid. 201(b)-(c) (Courts "may take judicial notice on its own" of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Hernandez-type, due process challenge to the IJ's failure to consider his financial circumstances. The fact that Petitioner remains detained over four months after the IJ granted $20,000 bond strongly suggests that the IJ did not adequately consider his ability to pay. Nothing in the record refutes this conclusion. The IJ's order, which the government filed in Petitioner's prior § 2241 petition, states only that Petitioner is "released from custody under bond of $20,000.00" and contains no reasoning or analysis suggesting that he considered Petitioner's financial circumstances. Boucherafa I, ECF No. 10. Nor does the IJ explain why stricter conditions of release—such as electronic monitoring—could not mitigate any risk of non-appearance if Petitioner's bond amount were lowered in light of his financial circumstances. The undersigned ordered Respondents to provide the transcript from the hearing and any other documents necessary to resolve the petition, but they failed to do so. The undersigned construes Respondents' noncompliance, combined with their inapposite mandatory detention authority arguments, as a lack of opposition to Petitioner's Hernandez-type claim.[3] Accordingly, the undersigned recommends that the petition be granted.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

   a. Respondents shall IMMEDIATELY RELEASE Petitioner from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions.

   b. Respondents may place Petitioner on standard conditions of supervision upon release.

---

[3] To the extent Petitioner is required to exhaust administrative remedies, the undersigned finds that Petitioner's continued detention "pursuant to a bond amount determined through a likely unconstitutional process" constitutes irreparable harm warranting waiver of exhaustion. See Hernandez, 872 F.3d at 1000; Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void").

2. The Clerk of the Court be directed to:

a. Serve the **Mesa Verde Detention Facility** with a copy of this Order; and

b. Enter judgment in Petitioner's favor and close the case..

3. Any order adopting these findings and recommendations include language that it does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE