UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABDELOUAHAB BOUCHERAFA (A# 235-482-192),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-04613 DAD SCR

AMENDED FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 20, 2026, the undersigned issued finding and recommendations that the petition be granted and Petitioner released, based in part on Respondents' noncompliance with an order to provide the transcript from Petitioner's March 5, 2026, bond hearing. ECF No. 11. Respondents filed objections along with the audio recording of the hearing. ECF Nos. 13. Having reviewed the audio recording and Respondents' objections, the undersigned issues these amended findings and recommendations that the petition be granted and Petitioner receive a bond hearing before an immigration judge ("IJ") for meaningful consideration of his financial ability to obtain bond and alternative conditions of release. See Hernandez v. Sessions, 872 F.3d 976 (9th Cir. 2017).

## I. Factual and Procedural Background

Petitioner is a citizen and national of Algeria who was admitted to the United States on November 19, 2023, pursuant to a B2 visa, but overstayed his authorization. Immigration officials arrested Petitioner on August 20, 2025, pursuant to 8 U.S.C. § 1226(a) and charged him for overstaying his visa under 8 U.S.C. § 1227(a)(1)(B). Petitioner filed an earlier § 2241 petition challenging his detention without a bond hearing under the Due Process Clause of the Fifth Amendment. This Court dismissed the petition as moot after an IJ granted petitioner release on bond in the amount of $20,000. Boucherafa v. Warden, Mesa Verde Det. Ctr., No. 1:26-cv-01418 DAD SCR, 2026 WL 1079373 (E.D. Cal. Apr. 21, 2026), report and recommendation adopted, No. 1:26-CV-01418-DAD-SCR (HC), 2026 WL 1510204 (E.D. Cal. May 29, 2026). In his renewed petition, filed on June 15, 2026, Petitioner states he could not afford the bond amount and remains in detention in violation of the Due Process Clause of the Fifth Amendment. ECF No. 1 at 5-6, 16-17. He asks that the Court reconsider his case and requests his release on recognizance or other non-monetary condition. Id.

The undersigned ordered Respondents to file an answer/return to the petition and "include with the answer/return the transcript of Petitioner's March 5, 2026, bond hearing and any and all other documents relevant to the determination of the issues presented in the application." ECF No. 7. Respondents filed an opposition but did not include the hearing transcript or any other evidence. Instead, Respondents argued that Petitioner was subject to mandatory detention under 8 U.S.C. § 1231(a) by virtue of an IJ order of removal dated April 24, 2026, and Petitioner's subsequent appeal of that order to the Board of Immigration Appeals ("BIA"). ECF No. 9 at 2 (citing Khotesouvan v. Morones, 386 F.3d 1298, 1299–1301 (9th Cir. 2004)). Respondents also argued that the petition is moot because Petitioner received a bond hearing and, in the alternative, should be dismissed for failure to exhaust through a BIA appeal. Id. at 3.

On July 20, 2026, the undersigned issued findings and recommendations that the petition be granted. ECF No. 11. The undersigned determined Petitioner was a § 1226(a) visa overstay whose detention had not yet shifted to § 1231(a) because he appealed his removal order to the BIA. Id. at 3. Citing allegations that Petitioner cannot afford the $20,000 bond, the undersigned

construed the petition as a "Hernandez-type, due process challenge to the IJ's failure to consider his financial circumstances[.]" Id. at 3-4. The undersigned found that the written order's silence on this issue, as well as the fact that Petitioner remains detained over four months after the IJ granted $20,000 bond, strongly suggests that the IJ did not meaningfully consider his ability to pay. Id. at 4. Finally, the undersigned "construe[d] Respondents' noncompliance, combined with their inapposite mandatory detention authority arguments, as a lack of opposition to Petitioner's Hernandez-type claim" and recommended Petitioner be released. Id.

In their objections to the findings and recommendations, Respondents concede that Petitioner is detained under § 1226(a) but argue that his legal arguments provide no basis for release. ECF No. 13. They maintain Petitioner remains lawfully detained until he posts $20,000 bond and reiterate their argument that the petition should be dismissed for failure to appeal the bond determination to the BIA. Respondents also lodged the audio recording of the March 5, 2026, hearing. ECF No. 12.

## II. Legal Standards

### A. Exhaustion of Administrative Remedies

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez, 872 F.3d at 988 (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies

would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

### B. Constitutional Challenges to Bond Denials

In constitutional challenges to an IJ's determination at a bond hearing, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." Id. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez, 872 F.3d 976, 981 (9th Cir. 2017). Moreover, a habeas court reviews pure questions of law de novo. See Singh, 638 F.3d at 1202-03.

## III. Analysis

As an initial matter, Petitioner is not without a habeas remedy. Although federal courts cannot review whether an IJ "set an excessively high bond amount," Prieto-Romero v. Clark, 534 F.3d 1053, 1067 (9th Cir. 2008), they have "habeas jurisdiction over constitutional claims or questions of law" concerning the setting of bond amounts. See Hernandez, 872 F.3d at 987 (9th Cir. 2017) (quoting Leonardo, 646 F.3d at 1160. In the event a noncitizen is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," due process compels that the IJ consider the noncitizen's financial circumstances and alternative conditions of release. Hernandez, 872 F.3d at 1000 (holding plaintiffs were likely to succeed on the merits of their due process claim because the government failed to require consideration of individual financial circumstances and alternatives to detention); see also Andrades Gonzalez v. Chestnut, No. 1:26-CV-01198-DAD-CKD, 2026 WL 473059, at *1 (E.D.

Cal. Feb. 19, 2026) ("[I]f the government is setting monetary bonds to ensure appearance at future proceedings, there is no legitimate reason for it not to consider the individual's financial circumstances and alternative conditions of release." (quoting Hernandez, 872 F.3d at 994)).

Nor is Petitioner required to exhaust administrative remedies. In Hernandez, the Ninth Circuit held that an administrative appellate record is not necessary to resolve the "purely legal questions" presented by this type of constitutional challenge to a detention hearing. 872 F.3d at 989. The Court further determined that the likely "indeterminate" detention resulting from an IJ's failure to consider a noncitizens' financial circumstances and alternatives to detention constitute irreparable harm. Id. at 994-95 ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'") (quoting Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012)). Moreover, Petitioner's complaint about the bond amount is a Hernandez-type due process claim, which the BIA presumably cannot meaningfully review. See Garcia v. Hyde, 817 F.Supp.3d 112, 125-27 (D.R.I. 2025) (finding the petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile"). Therefore, the undersigned finds that Petitioner is not required to exhaust administrative remedies.

Having now reviewed the audio recording of the bond hearing, it is evident that the IJ did not meaningfully consider Petitioner's ability to pay. The IJ's flight risk finding and setting of $20,000 bond occurred prior to the recording. The recording starts with the IJ explaining that Petitioner expressed off record that he cannot afford the bond amount and that the government asked to go back on the record to discuss. ECF No. 12 at 0:00-0:32. The IJ then restated that Petitioner was a day construction worker in New York City earning $100-$150 per day who wished to return to work and pursue his asylum application. Id. at 00:31-1:13. The government repeated their arguments that Petitioner is not a danger but presents a flight risk (no stable employment or fixed address, in the United States less than two years, etc.) and noted that he submitted no evidence despite bearing the burden of proof in a § 1226(a) hearing. Id. at 1:14-4:56. The IJ then confirmed Petitioner's understanding of the government's arguments and

ensured Petitioner had the necessary appeal forms. Id. at 4:57-7:22. Finally, the IJ advised Petitioner that he could be released the same day if he could find someone to come up with $20,000, and that that person would get the money back with interest. Id. at 7:23-8:33. At no point did the IJ address Petitioner's ability to pay, relative to his income or, if any, his assets. Nor did he discuss the Intensive Supervision Appearance Program or any other alternatives to detention.

"[T]he government's purpose in conditioning release on the posting of a bond in a certain amount is to 'provide enough incentive' for released detainees to appear in the future[.]" Hernandez, 872 F.3d at 991. Without meaningfully considering whether Petitioner has the financial ability to pay bond or alternatives to detention, "the government has no way of knowing if the detention that results from failing to post a bond in the required amount is reasonably related to achieving that interest." Id. at 993. Because the IJ did not inquire into Petitioner's financial ability to post the $20,000 bond or the availability of alternatives to detention, the undersigned finds that the bond proceeding failed to meet the requirements of due process and recommends that the petition be granted. However, the undersigned is persuaded by Respondents' arguments against release as the appropriate remedy. Therefore, the undersigned recommends that Petitioner receive a bond hearing where an IJ meaningfully considers his financial ability to pay a bond and alternatives to detention, in a manner consistent with Hernandez.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED the findings and recommendations issued on July 20, 2026 (ECF No. 11), are VACATED.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondent be ordered to provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, within fourteen (14) days of any order resolving the § 2241 petition. The immigration judge shall

meaningfully consider Petitioner's financial ability to obtain bond and alternative conditions of release.

3. Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4. Any order adopting these findings and recommendations include language that it does not address the circumstances in which Respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

5. Judgement be entered in Petitioner's favor and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE