UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELOUAHAB BOUCHERAFA (A# 235-482-192),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETETNION FACILITY,<br><br>Respondent. | No. 1:26-cv-04613 DAD SCR<br><br><u>ORDER</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Respondent has filed a motion to dissolve the Court's "no-transfer" order issued on June 22, 2026. ECF No. 17. Pursuant to the "no-transfer" order, Respondent may not "transfer Petitioner to another detention center outside of this judicial district, pending further order of the Court." ECF No. 7. In support, Respondent submitted evidence that an immigration judge ordered Petitioner removed to Algeria on April 24, 2026, ECF No. 17-1, and that the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of that order on September 28, 2026, ECF No. 17-2. Petitioner had 30 days to petition for review of the BIA's ruling. ECF No. 17-2 at 1. Neither his EOIR Case Information Page nor the Ninth Circuit's Case Search webpage reflect

that he has done so as of this writing.[1]

Under the INA, the government "shall remove" the noncitizen during the 90-day "removal period" following the entry of a final order of removal. See 8 U.S.C. § 1231(a)(1)(A). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)). An order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)).

As it appears Petitioner did not seek review of the BIA's decision, the undersigned finds that his removal order is administratively final and that his detention has shifted to 8 U.S.C. § 1231(a)(1)-(2). Accordingly, to allow the government to effectuate its statutory mandate, IT IS HERBEY ORDERED that Respondent's motion to dissolve the "no-transfer" order (ECF No. 17) is GRANTED.

DATED: November 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned takes judicial notice Petitioner's EOIR Case Information, https://acis.eoir.justice.gov/en/caseInformation. Fed. R. Evid. 201(b)-(c). Moreover, the undersigned's searches for "Boucherafa" and "Abdelouahab" on the Ninth Circuit's advanced case search page, https://ca9-ecf.sso.dcn/cmecf/jsp/CaseSearch.jsp, returned no results.